UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINO ANTONIO HERNANDEZ<br><br>Plaintiff,<br><br>v.<br><br>WINIFRED M. KOKOR, et al.,<br><br>Defendants. | **1:16-cv-00716-MJS (PC)**<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**(ECF No. 4)** |

Plaintiff Marino Antonio Hernandez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 23, 2016, Plaintiff filed this prisoner civil rights complaint. (ECF No. 1.) Plaintiff's complaint is awaiting screening.

Also on May 23, 2016, Plaintiff filed a motion for a temporary restraining order prohibiting Defendant medical staff personnel at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, from "denying proper and effective medical care and from harassing in any ways (sic) Plaintiff." (ECF No. 4). Plaintiff also seeks a preliminary injunction ordering Defendants to restore Plaintiff's morphine pain medication.

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed

1

merely to prevent irreparable loss of rights prior to judgment. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right," Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). Alternatively, a preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added). In addition, in cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the

1 | harm. 18 U.S.C. § 3626(a)(2).

2 |      Finally, a Plaintiff must establish that he has standing to seek preliminary injunctive relief. <u>Summers</u>, 555 U.S. at 493 (citation omitted); <u>Mayfield</u>, 599 F.3d at 969. Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." <u>Summers</u>, 555 U.S. at 493 (citation omitted); <u>Mayfield</u>, 599 F.3d at 969.

     Here, Plaintiff has failed to show that he is likely to succeed on the merits since at this stage of the proceedings the Court has not screened his complaint or determined that he states a cognizable claim.

     Plaintiff does suggest that he is under threat of suffering an "injury in fact," in that he states he continues to experience severe pain. However, there is nothing to suggest such harm is irreparable. In any event, absent a showing as to the other factors, this threat, standing alone, is insufficient to warrant injunctive relief. See <u>Johnson v. Cal. State Bd. of Accountancy</u>, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

     Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, absent a cognizable claim, there is nothing to tip the balance of equities in Plaintiff's favor. Second, while the public has an interest in providing prisoners with constitutionally adequate medical care, the record before the Court does not justify the Court substituting its judgment in these matters for that of the prison medical staff.

     In sum, Plaintiff has not demonstrated likelihood of success on the merits, likelihood of irreparable harm, the balance of equities in his favor, or that an injunction is in the public interest. See Fed. R. Civ. P. 65; Local Rule 231; <u>Winter</u>, 555 U.S. at 24.

     Accordingly, Plaintiff's motion for a temporary restraining order and preliminary

injunction, filed on May 23, 2016, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   June 20, 2016              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

4