UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINO HERNANDEZ ANTONIO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WINFRED M. KOKOR, et al.,<br><br>　　　　Defendants. | **CASE NO. 1:16-cv-00716-MJS (PC)**<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE A FIRST AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS AGAINST DEFENDANTS DR. KOKOR AND NURSE STRONACH**<br><br>**(ECF No. 1)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FILL IN DATE ON COMPLAINT**<br><br>**(ECF No. 7)**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR SERVICE OF COMPLAINT**<br><br>**(ECF No. 14)**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**(ECF No. 12)**<br><br>**THIRTY DAY DEADLINE** |

Plaintiff Marino Hernandez Antonio, a prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 23, 2016. (ECF No. 1.) Plaintiff's complaint is before the Court for screening. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 10.) No other parties have appeared in the action.

Plaintiff also has filed several motions in this action:

On May 23, 2016, he moved for an order directing the medical staff at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, to stop "denying proper and effective medical care", to stop "harassing in any ways (sic) Plaintiff", and to restore Plaintiff's morphine pain medication. (ECF No. 4.)

The Court denied the above motion. (ECF No. 11). On July 5, 2016, Plaintiff filed for reconsideration of this denial. (ECF No. 12.)

Plaintiff has filed a motion requesting that the Court fill in the date on his complaint. (ECF No. 7.)

Finally, Plaintiff moved for an order that his complaint be served. (ECF No. 14.)

These matters are ripe for consideration and addressed below.

**I.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2

Service of Plaintiff's complaint may not occur unless and until the Court finds Plaintiff has stated a cognizable claim against one or more Defendants, at which point the Court will provide Plaintiff with the necessary documents he must complete for service. Plaintiff's motion for service of his complaint (ECF No. 14) will therefore be denied without prejudice.

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III. Plaintiff's Allegations

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where this claim arose. He brings this action against Dr. Winfred M. Kokor, Nurse Christina Stronach, and Chief Executive Officer Clarence Cryer, all of CSTAF, and J. Lewis, Deputy Director of Policy and Risk

Management Services for California Correctional Health Care Services ("CCHCS"). Plaintiff also lists the "Medical Authorization Review ("MAR") Committee" as defendants.[1] Plaintiff names Defendant Dr. G. Ugwueze as head of the MAR Committee.[2] Plaintiff sues all Defendants in their personal and official capacities for failure to provide adequate medical care in violation of the Eighth Amendment.

Plaintiff suffers from chronic left ankle pain and arthritis due to injuries suffered in 1983 and 2003. He has multiple pins and wires in his ankle; some of those pins are broken or damaged. When Plaintiff was housed at Mule Creek State Prison ("MCSP"), an orthopedist prescribed 15 milligrams of morphine for pain, and Plaintiff took morphine regularly for seven years beginning October 9, 2008. Several orthopedists have treated Plaintiff over the course of his incarceration and prescribed him, alternatively, Vicodin, Darvon, Tylenol 3, and methadone. Each medication caused Plaintiff documented adverse effects. Plaintiff told Defendants of these adverse effects and Defendants were aware that there was documentation of them.

On January 15, 2015, the MAR Committee, led by Defendant Dr. G. Ugwueze, recommended that Dr. Kokor "taper [Plaintiff's] morphine and consider starting Tylenol 3 gradually based on response." That same day, Dr. Kokor ceased Plaintiff's morphine abruptly, without tapering it, and prescribed Plaintiff Tylenol 3. Plaintiff immediately submitted a medical services request form to Dr. Kokor, informing him that Tylenol 3 had caused damage to Plaintiff's health in 2007. Dr. Kokor ignored this information.

Over the next few months, Plaintiff began to experience pain as well as stomach cramps, pain in the left side of his abdomen, and constipation. Between January 16, 2015 and July 17, 2015, Plaintiff submitted at least ten Health Care Services Request

---

[1] Neither the MAR Committee nor Dr. Ugwueze is named as a Defendant in the caption of Plaintiff's complaint. This is not constitute a fatal defect. Silvis v. California Dept. of Corrections, No. 1:07-cv-00332-LJO-GSA PC, 2009 WL 806870, at *1 (E.D. Cal. Mar. 26, 2009) (Plaintiff's failure to name Defendant in the caption does not preclude him from pursuing a claim against Defendant "if the allegations in the body of the [complaint] make it clear he is an intended defendant") (citing Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082, 1086 (9th Cir. 1983)). However, to avoid confusion, Plaintiff is directed to list the names of **all** Defendants he intends to sue in the caption of any amended pleading he may file.

[2] On August 8, 2016, Plaintiff filed a "supplement" to his civil rights complaint containing the full names of Defendants Stronach and Cryer and naming Ugwueze as head of the MAR Committee. (ECF No. 13.)

Forms ("Form 7362") complaining of pain in his ankle, abdomen, testicles, and penis and of constipation and liver problems from past Tylenol 3 use. He requested referral to an orthopedist to remove the broken pins from his ankle or amputate his foot and reinstate morphine. Plaintiff had previously advised Nurse Stronach of his complaints.

Dr. Kokor prescribed docusate, fiber, and lactulose for constipation, but ignored Plaintiff's complaints of pain, saying the "pain was in Plaintiff's mind."

On March 11, 2015, Plaintiff submitted an Inmate/Parolee Health Care Appeal Form ("602") requesting reinstatement of his morphine, discontinuation of Tylenol 3, a liver test to determine if the Tylenol 3 had caused damage, a diagnostic test of his abdomen and groin, and an appointment with an orthopedist to either remove the pins and wires from his ankle or amputate it. Nurse Stronach granted Plaintiff's request for a diagnostic test of his abdomen and groin, but his remaining requests were denied as "not medically indicated." On May 7, 2015, Defendant Cryer affirmed the decision at the Second Level of Review. On August 11, 2015, Defendant J. Lewis affirmed the decision at the Director's Level.

On July 20, 2015, Nurse Stronach described Plaintiff's pain as a "nuisance" because Plaintiff was crying. Nurse Stronach thought Plaintiff wanted to commit suicide. Therefore, rather than referring Plaintiff to "CTC Clinical 2" as an emergency patient, she referred him for a mental health evaluation.

On August 20, 2015, Plaintiff's intestinal wall "ruptured" due to severe constipation caused by Tylenol 3. On August 26, 2015, Dr. Kokor told Plaintiff he had an inguinal hernia and needed surgery for it. Also on August 26, 2015, Dr. Kokor prescribed Plaintiff nortriptyline, a medication diagnosed for depression that can increase suicidal thoughts and is contraindicated in patients taking Tylenol 3. Plaintiff refused the medication.

Plaintiff underwent hernia surgery on January 8, 2016 and as of the date of this pleading remained wheelchair-bound as a result. He still experiences ankle pain. He continues to suffer adverse side effects, such as vomiting and urinary problems, from his current pain medication. At some point after the hernia surgery, Plaintiff was prescribed

methadone for pain.

Plaintiff also suffers emotional distress.

On or about September 29, 2015, Plaintiff filed a second inmate appeal asking for medication comparable to morphine. It was denied at the institutional level by Defendant Cryer, and at the Director's level by Defendant Lewis. Defendant Cryer relied on Dr. Kokor's representation that Plaintiff's pain was managed by Tylenol 3. Defendant Lewis, in turn, relied on Dr. Kokor's representation that Plaintiff's pain was managed by methadone. Plaintiff then submitted this claim to the Government Claims Board, where it was rejected.

On or about January 25, 2016, Plaintiff submitted a third appeal asking for pain medication comparable to morphine. Defendant Cryer denied Plaintiff's request at the institutional Level. It is not clear if this appeal proceeded to the Director's level.

Plaintiff claims Defendants were deliberately indifferent to Plaintiff's serious medical needs in violation of the prohibition against cruel and unusual punishment in the United States Constitution. He seeks injunctive, declaratory, and monetary relief.

**IV.   Discussion**

   **A.   Official Capacity Claims**

Plaintiff claims Defendants, acting in their official capacities, failed to provide adequate medical care in violation of the Eighth Amendment.

First, Plaintiff cannot recover money damages from state officials sued in their official capacities. Aholelei v. Dept. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Official capacity suits may seek only prospective or injunctive relief. See Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010). Therefore, to the extent Plaintiff seeks monetary damages against all Defendants in their official capacities, those claims are barred by the Eleventh Amendment, and will be dismissed. Plaintiff cannot cure this deficiency and will not be given leave to amend this claim.

In addition to being limited to prospective relief, a plaintiff pursuing defendants in their official capacities must demonstrate that a policy or custom of the governmental

entity of which the official is an agent was the moving force behind the violation. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985). That is, the plaintiff must establish an affirmative causal link between the policy at issue and the alleged constitutional violation. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 391-92 (1989); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992). Furthermore, although Plaintiff is permitted to pursue claims for injunctive relief against state actors in their official capacities, "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013) (citing Hafer, 502 U.S. at 25.) "Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." Hartmann, 707 F.3d at 1127 (citing Los Angeles County v. Humphries, 562 U.S. 29, 35-36 (2010)).

Plaintiff has pointed to no policy or practice that was the underlying cause of the alleged constitutional violation. His official capacity claims for injunctive relief against all Defendants will be dismissed with leave to amend.

### B. Eighth Amendment Medical Indifference

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062,

1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

The second element of an Eighth Amendment claim is subjective deliberate indifference, which involves two parts. Lemire, 726 F.3d at 1078. Plaintiff must demonstrate first that the risk was obvious or provide other circumstantial evidence that Defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Id. (citing Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted). There must be some causal connection between the actions or omissions of each named defendant and the violation at issue; liability may not be imposed under a theory of *respondeat superior.* Iqbal, 556 U.S. at 676-77; Lemire, 726 F.3d at 1074-75; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff alleges he suffers from chronic ankle pain and arthritis related to an earlier injury to, and failed internal fixation of, his ankle. He also claims adverse side effects, including a hernia necessitating surgical repair, from Tylenol 3. On these facts, Plaintiff has alleged an objectively serious medical need. Colwell, 763 F.3d at 1066; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

### 1. Dr. Kokor

Plaintiff alleges that Dr. Kokor ceased Plaintiff's morphine pursuant to a recommendation by the MAR Committee and repeatedly refused to reinstate it.

Although Plaintiff may have been unhappy with the discontinuation of his morphine, a mere disagreement with a treatment plan does not suffice to support a claim under section 1983. Jackson v. MacIntosh, 90 F.3d 330, 332 (9th Cir. 1996). For a prisoner to prevail on a claim involving choices between alternative courses of treatment, he must show that the chosen course of treatment was "medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk to the prisoner's health." Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (citing Jackson, 90 F.3d at 332.)

Plaintiff alleges that Dr. Kokor abruptly discontinued morphine and prescribed Tylenol 3 despite a recommendation from the MAR Committee that he taper Plaintiff off the morphine and start "Tylenol 3 gradually based on response." The Tylenol 3 led Plaintiff to suffer severe constipation and abdominal pains, and ultimately suffer an inguinal hernia which required surgery.

It is unclear if Plaintiff informed Dr. Kokor of his past adverse reaction to Tylenol 3 before Tylenol 3 was prescribed, but he alleges he told him of this history the day after it was first prescribed. Additionally, over the following months Plaintiff submitted several Form 7362s to inform Dr. Kokor that the Tylenol 3 was causing him abdominal pain and constipation. Dr. Kokor prescribed medication to treat his constipation, but did not stop the Tylenol 3. Plaintiff ultimately suffered a hernia which required surgery. Plaintiff attributes the hernia to constipation caused by Tylenol 3.

Plaintiff also told Dr. Kokor, through his Form 7362s, that the Tylenol 3 did not alleviate his ankle pain. Despite Plaintiff's complaints, Dr. Kokor merely responded that Plaintiff's pain was "in his mind."

Based on the facts alleged, the Court cannot conclude that Dr. Kokor was "deliberately indifferent" to Plaintiff's constipation and abdominal pain. Dr. Kokor

9

prescribed a variety of laxatives and stool softeners in response to Plaintiff's complaints, and upon discovery of the inguinal hernia, recommended surgery. There is nothing in the complaint upon which the Court could conclude that the failure to anticipate, and act sooner to try to prevent, the hernia constituted medical indifference.

Plaintiff also complains of Dr. Kokor's prescribing nortriptyline, an antidepressant, but also acknowledges that he refused to take it. Plaintiff has not alleged that he suffered any harm from the issuance of the prescriptions. Merely writing a prescription is not in and of itself a constitutional violation. Plaintiff's claim of medical indifference in prescribing nortriptyline will be dismissed.

On the other hand, Plaintiff alleges that Dr. Kokor refused to prescribe a different pain medication despite Plaintiff complaints for months that Tylenol 3 did not help the pain. He alleges Dr. Kokor rather cavalierly dismissed Plaintiff's complaints as psychological. Such allegations, if true, are sufficient to state a cognizable Eighth Amendment medical indifference claim against Dr. Kokor.

### 2. Nurse Stronach

Plaintiff complained to Defendant Nurse Stronach, while crying, of his ankle and abdominal pain, and Nurse Stronach responded by referring Plaintiff for a mental health evaluation. Nurse Stronach also told Plaintiff his pain was a "nuisance." When Plaintiff asked to have his Tylenol 3 discontinued because of the side effects he was experiencing, she denied his request; however she did order a "diagnostic test" of his abdomen and groin.

Based on these facts, it appears Nurse Stronach made some effort to address the side effects Plaintiff experienced from the Tylenol 3. Plaintiff has not shown how Nurse Stronach's response—to order diagnostic testing of Plaintiff's abdomen and groin—was constitutionally insufficient.

However, Plaintiff's allegations are sufficient to show that Nurse Stronach knew that Tylenol 3 did not alleviate Plaintiff's pain, yet did nothing about it. Plaintiff has thus stated a cognizable Eighth Amendment claim against Defendant Nurse Stronach for

continuing Plaintiff's Tylenol 3 prescription despite knowing that it did not help Plaintiff's pain.

### 3. Dr. G. Ugwueze

Assuming it is Plaintiff's intent to proceed against Dr. Ugwueze despite his absence from the list of Defendants named in the caption, he alleges only that Dr. G. Ugwueze, while acting as head of the MAR Committee, recommended that Plaintiff be "taper[ed]" off of morphine and "consider[ed]" for Tylenol 3. It does not appear that Dr. Ugwueze had any involvement in Plaintiff's treatment plan after making the January 15, 2015 recommendation. Plaintiff's claims against the Dr. Ugwueze will be dismissed with leave to amend.

### 4. Cryer and Lewis

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). Plaintiff's conclusory allegation that these Defendants are "legally responsible for granting or denying" administrative remedies do not support a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

However, prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates. Jett, 439 F.3d at 1098 (9th Cir. 2006). Accordingly, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. Those circumstances have not been presented here.

Plaintiff must set forth sufficient facts, not just conclusions, to show that Defendants Cryer and Lewis turned a blind eye to the constitutional violations described above. It appears that Defendants Cryer and Lewis simply affirmed the decisions of the MAR Committee, Dr. Kokor, and Nurse Stronach to discontinue Plaintiff's morphine, conduct diagnostic tests of Plaintiff's abdomen and groin, and continue prescribing Plaintiff Tylenol 3 in conjunction with stool softeners. They also determined that Plaintiff

was receiving all treatment they deemed "medically necessary." It is not clear from Plaintiff's complaint that Defendants Cryer and Lewis actually knew that Dr. Kokor and Nurse Stronach knew that Tylenol 3 was ineffective for Plaintiff's pain; indeed, it appears Defendants Cryer and Lewis merely knew that Plaintiff wanted his morphine reinstated.

An unsatisfactory appeals process does not demonstrate Defendants knew of and disregarded serious medical needs. Peralta, 744 F.3d at 1086-87 (involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of alleged violation). A plaintiff does not a have protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Plaintiff's claims against Defendants Cryer and Lewis will therefore be dismissed with leave to amend.

### C. Doe Defendants

Plaintiff does not know the names of any committee members other than Dr. Ugwueze. Presuming he wishes to proceed against the remaining members, the Court will treat them here as "Doe" defendants.

The use of Doe defendants generally is disfavored in federal court. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). The Court cannot order the Marshal to serve process on any Doe defendants until such defendants have been identified. See, e.g., Castaneda v. Foston, No. 1:12-cv-00026 WL 4816216, at *3 (E.D. Cal. Sept. 6, 2013). Plaintiff may, under certain circumstances, be given the opportunity to identify unknown defendants through discovery prior to service. Id. (plaintiff must be afforded an opportunity to identify unknown defendants through discovery unless it is clear that discovery would not uncover their identities). However, in order to proceed to discovery, Plaintiff must first state a cognizable claim.

As pled, Plaintiff's complaint has not shown how the MAR Committee members

were "deliberately indifferent" to Plaintiff's "serious medical needs." The Committee simply recommended that Plaintiff be "tapered" off of morphine and "consider[ed]" for Tylenol 3. It does not appear the MAR Committee had any involvement in Plaintiff's treatment plan after making their January 15, 2015 recommendation. Plaintiff's claims against the MAR Committee will be dismissed with leave to amend.

### D. California State Tort Claim

Plaintiff accuses Defendants Kokor and Stronach of conducting "negligent[] evaluations" and states as a "proximate result" of their conduct, Plaintiff suffers pain and "emotional distress." Based on these allegations, Plaintiff may intend to plead a claim under California tort law for negligence.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," except as provided in subsections (b) and (c). "[Once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." ACI v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board ("the Board"), formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Govt. Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Super. Ct. of Kings Cty. (Bodde), 90 P.3d 116, 124 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Super. Ct., 90 P.3d at 124; Mangold, 67 F.3d at 1477;

13

Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). An action must be commenced within six months after the claim is acted upon or is deemed to be rejected. Cal. Govt. Code § 945.6; Moore v. Twomey, 16 Cal. Rptr. 3d 163 (Cal. Ct. App. 2004).

Plaintiff states he filed his claim with the Government Claims Board; it was rejected on or around February 18, 2016. At this juncture, Plaintiff has sufficiently alleged compliance with the Tort Claims Act. Therefore, the Court may consider whether Plaintiff has sufficiently stated a state tort cause of action.

### i. Negligence

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). Under California law, "'[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008)).

In a negligence action the plaintiff must show the defendant's act or omission (breach of duty) was a cause of the plaintiff's injury. Jackson v. Ryder Truck Rental, Inc., 16 Cal. App. 4th 1830, 1846 (1993). The element of causation generally consists of two components. Id. at 1847. The plaintiff must show (1) the defendant's act or omission was a cause in fact of the plaintiff's injury, and (2) the defendant should be held responsible for negligently causing the plaintiff's injury. Id. The second component is a normative or evaluative one that asks whether the defendant should owe the plaintiff a legal duty of reasonable care under the circumstances of the case.

Plaintiff has met his initial burden of showing that Dr. Kokor and Nurse Stronach owed Plaintiff a duty of care. Furthermore, Plaintiff has alleged that these Defendants breached that duty when they failed, for months, to prescribe a medication that treated

14

Plaintiff's pain. As a result, Plaintiff experienced pain. At this juncture, Plaintiff has stated a claim for negligence.

### ii.     Intentional Infliction of Emotional Distress

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Corales, 567 F.3d at 571. Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Id. In addition to the requirement that the conduct be intentional and outrageous, the conduct must have been directed at Plaintiff or occur in the presence of Plaintiff of whom Defendant was aware. Simo v. Union of Needletrades, Indus. & Textile Employees, 322 F.3d 602, 622 (9th Cir. 2003).

Plaintiff states, as a conclusion, that Defendants' actions caused him "emotional distress", but does not allege that that distress exceeded that which accompanies purely negligent acts or that Dr. Kokor or Nurse Stronach acted intentionally to harm Plaintiff in any way. These allegations do not state a claim for intentional infliction of emotional distress.

### iii.    Negligent Infliction of Emotional Distress

Negligent infliction of emotional distress is not a separate tort, but rather falls under the tort of negligence. Macy's California, Inc. v. Super. Ct., 41 Cal. App.4th 744, 748 (1995). "A cause of action for negligent infliction of emotional distress requires that a plaintiff show (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress." Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004). It is settled in California that in ordinary negligence actions for physical injury, recovery for emotional distress caused by that injury is available as an item of parasitic damages. Crisci v. Security Insurance Co., 66 Cal.2d 425, 433 (1967); Merenda v. Super. Ct., 3

Cal. App. 4th 1, 8–9 (1992).

As stated above, Plaintiff provides no more than a conclusory allegation that Defendants' conduct caused him "emotional distress." Plaintiff therefore has not stated a claim for negligent infliction of emotional distress.

## V.   Motion to Add Date

On May 25, 2016, Plaintiff filed a "Motion Under Ex Parte Status" asking the Court to "write in" the date of May 15, 2016 on page 10 of ECF No. 1, as Plaintiff inadvertently failed to date his complaint. (ECF No. 7.)

To the extent Plaintiff wishes to memorialize the date on which his complaint was served, the Court notes that page 13 of ECF No. 1 includes a Certificate of Service that reflects Plaintiff's complaint was served on May 15, 2016. (ECF No. 1 at 13.) Plaintiff's motion to add a date to his complaint will be denied as unnecessary.

## VI.   Preliminary Injunction and Motion for Reconsideration

Plaintiff's complaint seeks a preliminary injunction ordering Defendants to "stop denying proper medication for pain and stop causing deliberate pain to the Plaintiff's health." (ECF No. 1 at 9.)

On May 23, 2016, Plaintiff filed a separate motion for a preliminary injunction and a temporary restraining order seeking the same injunctive relief. (ECF No. 4.) That motion was considered and denied (ECF No. 11) and Plaintiff has filed a motion for reconsideration of the Court's order. (ECF No. 12.) The Court will therefore address only the motion for reconsideration.

### A.   Legal Standard

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id.

Furthermore, "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting* Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D. N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

### B. Analysis

Plaintiff's motion for reconsideration will be denied. Plaintiff has not shown that the Court committed error or that there has been an intervening change in the controlling law. He has not presented any newly discovered evidence supporting his request for injunctive relief. He fails to demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest, nor has he demonstrated the existence of serious questions going to the merits and that the hardship balance tips sharply towards Plaintiff.

While the public has an interest in providing prisoners with constitutionally adequate medical care, the record before the Court simply does not justify the Court substituting its judgment in these matters for that of the prison medical staff.

For the forgoing reasons, Plaintiff's motion for reconsideration (ECF No. 12) will be denied.

### VII. Conclusion

Plaintiff's complaint states cognizable claims against Defendants Dr. Kokor and Nurse Stronach in their personal capacities for prescribing Plaintiff Tylenol 3 to treat his ankle pain in spite of its demonstrated inefficacy, in violation of the Eighth Amendment and state law negligence. Plaintiff's complaint states no other cognizable claims. Plaintiff has not previously been provided with notice of the deficiencies in his claims and the

17

Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the claims found to be cognizable, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claims. The Court then will then dismiss the other claims and provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to add a date to his complaint (ECF No. 7) is DENIED without prejudice;
2. Plaintiff's motion for service of complaint (ECF No. 14) is DENIED without prejudice;
3. Plaintiff's motion for reconsideration (ECF No. 12) is DENIED;

4. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed May 23, 2016;

5. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. File a notice of willingness to proceed on his cognizable claims against Defendants Dr. Kokor and Nurse Stronach; and

6. If Plaintiff fails to comply with this order, the Court will dismiss this action, without prejudice, for failure to state a claim and failure to obey a court order.

IT IS SO ORDERED.

Dated:   August 31, 2016                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE