UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINO HERNANDEZ ANTONIO,<br><br>Plaintiff,<br><br>v.<br><br>WINFRED M. KOKOR, et al.,<br><br>Defendants. | Case No.: 1:16-cv-00716-DAD-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>**(ECF No. 29)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Dr. Winfred M. Kokor and Nurse Stronach on Plaintiff's Eighth Amendment medical indifference and state law negligence claims.

On January 25, 2017, Plaintiff filed a motion to strike Defendants' affirmative defenses. (ECF No. 29.) Defendants filed an opposition. (ECF No. 32.) Plaintiff did not file a reply, and the time to do so has passed. The matter is submitted. Local Rule 230(*l*).

I.  **Motion to Strike Affirmative Defenses**

Plaintiff moves to strike the following affirmative Defenses: No. 1 (failure to state a

claim), No. 2 (failure to exhaust), No. 3 (statute of limitations), No. 4 (qualified immunity), No. 5 (res judicata and collateral estoppel), No. 6 (failure to allege a claim for punitive damages), No. 7 (failure to mitigate damages), No. 8 (Plaintiff's contribution to damages), No. 9 (uncertain claim), No. 10 (doctrine of laches and unreasonable delay), No. 11 (doctrine of unclean hands, estoppel, and waiver), No. 13 (failure to show physical injury as required by 42 U.S.C. § 1997e(e)), No. 14 (no liability for Defendants' exercise of discretion, under Cal. Gov't Code §§ 815.2 and 820.2), No. 15 (no liability for acts of other persons, under Cal. Gov't Code §§ 815.2 and 820.8), No. 16 (no liability for failure to discharge mandatory duties, under Cal. Gov't Code § 815.6), and No. 18 (additional affirmative defenses).

Plaintiff argues that Defendants have not provided sufficient detail to support their affirmative defenses under the pleading standards set out in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). According to Plaintiff, Defendants have asserted boilerplate defenses that lack factual support and that do not provide Plaintiff with fair notice of the nature of the defenses.

Defendants concede that Defense Nos. 5, 6, 9, and 18 may be stricken. Accordingly, those defenses should be stricken. As to the remaining defenses, Defendants argue that their responses are sufficient to provide fair notice of the defense to Plaintiff.

**A.    Legal Standard**

Under Federal Rule of Civil Procedure 12(f) a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). The function of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." Whittlestone, Inc. v. Handi—Craft Co., 618 F.3d 970, 973 (9th Cir. 2010).

Motions to strike are disfavored, "because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union

Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); see also Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). The Court "must view the pleading under attack in the light more favorable to the pleader." Garcia ex rel. Marin v. Clovis Unified School Dist., 2009 U.S. Dist. LEXIS 83352, 2009 WL 2982900, at *23 (E.D. Cal. Sept.14, 2009) (internal citation omitted). Even if a court strikes an affirmative defense, leave to amend should be freely given where the opposing party will not be prejudiced given the strong policy favoring resolution of cases "on the proofs rather than the pleadings." Rennie & Laughlin, Inc. v. Chrysler Corp., 242 F.2d 208, 213 (9th Cir. 1957); Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).

"An affirmative defense is [a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." Solis v. Couturier, No. 2:08-CV-02732-RRB-GGH, 2009 U.S. Dist. LEXIS 63271, 2009 WL 3055207, at *4 (E.D. Cal. Sept. 17, 2009) (internal citations omitted). An affirmative defense is insufficient as a matter of pleading if it fails to give plaintiff "fair notice." "The 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" Kohler v. Flava Enterprises, Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed. 1998)). This is less demanding than the Twombly/Iqbal standard. Dodson v. Munirs Co., No. CIV. S-13-0399 LKK, 2013 U.S. Dist. LEXIS 85768, 2013 WL 3146818, at *2 (E.D. Cal. June 18, 2013) ("Fair notice generally requires that the defendant identify the nature and grounds for the affirmative defense, rather than plead a detailed statement of the facts upon which the defense is based."). "Although fair notice is a low bar that does not require great detail, it does require a defendant to provide some factual basis for its affirmative defenses." United States v. Gibson Wine Co., No. 15-1900, 2016 WL 1626988, at *5 (E.D. Cal. Apr. 25, 2016) (internal quotation marks and citations omitted). Simply referring to a doctrine or statute is insufficient to afford fair notice. Wild v. Benchmark Pest Control, Inc., No. 1:15-cv-01876-JLT, 2016 WL 1046925, at *4 (E.D. Cal. Mar. 16, 2016); Stevens v. Corelogic,

3

1  Inc., No. 14-cv-1158-BAS-JLB, 2015 WL 7272222, at *4 (S.D. Cal. Nov. 17, 2015); Beco
2  Dairy Automation Inc. v. Global Tech Systems, Inc., 1:12-cv-01310 LJO SMS, 2015 WL
3  5732595 (E.D. Cal. Sept. 28, 2015); Kohler v. Staples, 291 F.R.D. 464, 469 (S.D. Cal.
4  2013). Likewise, "[s]imply identifying an affirmative defense by name does not provide
5  fair notice of the nature of the defense or how it applies in [the] action. . . ." Bd. of
6  Trustees of IBEW Local Union No. 100 Pension Tr. Fund v. Fresno's Best Indus. Elec.,
7  Inc., No. 1:13-cv-01545-AWI-SKO, 2014 WL 1245800, at *4 (E.D. Cal. Mar. 24, 2014).

### B. Discussion

Plaintiff argues, first, that Defense No. 1 (failure to state a claim) is not an affirmative defense but rather an assertion of a defect in Plaintiff's prima facie case. Defendants counter that Rule 12(h)(2) supports the interpretation that failure to state a claim may be asserted in an answer, citing E & J Gallo Winery v. Grenade Beverage, LLC, No. 1:13-cv-00770-AWI-SAB, 2014 U.S Dist. LEXIS 20613, at *5 (E.D. Cal. Feb. 18, 2014) (*citing* Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a) [or] (B) by a motion under rule 12(c).")). Since an answer constitutes a pleading under Rule 7(a), Defendants assert that failure to state a claim may be raised as an affirmative defense in the answer.

An affirmative defense, by definition, assumes that Plaintiff's allegations plead a prima facie case. The defense of failure to state a claim, however, asserts that Plaintiff's allegations do *not* plead a prima facie case. Solis, 2009 WL 3055207, at *4; see also Gomez v. J. Jacobo Farm Labor Contractor, Inc., 188 F. Supp. 3d 986, 995 (E.D. Cal. 2016) ("Failure to state a claim is an assertion of a defect in Plaintiffs' prima facie case.") (*citing* Bd. of Trustees, 2014 WL 1245800, at *4 (E.D. Cal. Mar. 24, 2016)). Defendants' Defense No. 1 is redundant and should be stricken.

Defendants provide no factual basis for affirmative defenses No. 7 (failure to mitigate damages), No. 8 (Plaintiff's contribution to own damages), No. 10 (laches), and No. 11 (unclean hands, estoppel, and waiver). Without something more than reference

4

to the doctrine identified, such pleadings give Plaintiff no information as to whether Defendants have an arguable basis for any such claims or are simply asserting them just in case facts might later arise to support them. If the latter, Plaintiff should not be put to the time and expense of conducting discovery into the bases for raising such defenses. As pled, they will be stricken, but Defendant will be given leave to amend their answer to plead such of these defenses as it believes are relevant if the amended pleading includes enough facts to indicate that relevancy and focus Plaintiff's further inquiry.

The remaining defenses are legally sufficient and provide Plaintiff with fair notice of the issues raised and the opportunity to question Defendants as to their basis for so pleading. Defense No. 2 alleges that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act and gives Plaintiff reasonable notice that exhaustion is in issue.  Defense No. 13 alleges that to the extent Plaintiff seeks damages based on mental or emotional injuries, he must be able to show a predicate physical injury under 42 U.S.C. § 1997e(e). Plaintiff is well aware of the facts and claims in his complaint, and Defendants' said defenses place Plaintiff on notice of their nature and application. The same is true of Affirmative Defenses No. 14 (no liability for discretionary acts under Cal. Gov't Code §§ 815.2 and 820.2), No. 15 (no liability for acts of others persons under Cal. Gov't Code §§ 815.2 and 820.8), and No. 16 (no liability for failure to discharge mandatory duties under Cal. Gov't Code § 815.6). These latter three simply put Plaintiff on notice of particular statutory defenses which may apply to Plaintiff's claims under the facts as they unfold depending on how they unfold. Thus, Plaintiff's motion to strike as to Nos. 2 and 13 through 16 should be denied.

In sum, Defendant's Affirmative Defense Nos. 1, 7, 8, 10, and 11 should be stricken.

Plaintiff does not suggest he might be prejudiced by allowing amendment. Accordingly, Defendants should be given leave to amend their answer to allege some factual basis for the stricken defenses to the extent they are able to do so in good faith.

**V.      Conclusion and Recommendation**

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion to strike Defendants' affirmative defenses (ECF No. 29) be GRANTED in part and DENIED in part, that Defenses Nos. 1, 5 through 11, and 18 be STRICKEN, and that Defendants be given leave to amend their answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   March 9, 2017                         /s/ *Michael J. Seng*
                                                                        UNITED STATES MAGISTRATE JUDGE