UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINO ANTONIO HERNANDEZ,[1]<br><br>Plaintiff,<br><br>v.<br><br>WINFRED M. KOKOR, et al,<br><br>Defendants. | No. 1:16-cv-00716-DAD-MJS (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES<br><br>(Doc. No. 29, 34) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff is proceeding in this action against defendants Dr. Winfred M. Kokor and Nurse Stronach on claims for deliberate indifference to a serious medical need in violation of plaintiff's rights under the Eighth Amendment and negligence claims brought under state law. On January 25, 2017, plaintiff filed a motion to strike defendants' affirmative defenses. (Doc. No. 29.) On

---

[1] In his complaint and in all of his pleadings filed in this action plaintiff has listed his name as being "Marino Hernandez Antonio." In all of their pleadings defendants have listed plaintiff's name as "Marino Antonio Hernandez" and that is how plaintiff's name is reflected on this court's docket. The court will use the name which appears on the docket in this action. If plaintiff believes this is in error he should file a motion seeking correction of the court's docket.

1

March 10, 2017, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion to strike be granted in part and denied in part. (Doc. No. 34.) The parties were given fourteen days to file objections to those findings and recommendations. On March 24, 2017, defendants filed objections. (Doc. No. 35.) Plaintiff did not file any objections to the findings and recommendations or a reply to defendants objections, and the time to do so has passed.

I. **Relevant Background**

Plaintiff moved to strike the following affirmative defenses: No. 1 (failure to state a claim), No. 2 (failure to exhaust), No. 3 (statute of limitations), No. 4 (qualified immunity), No. 5 (res judicata and collateral estoppel), No. 6 (failure to allege a claim for punitive damages), No. 7 (failure to mitigate damages), No. 8 (plaintiff's contribution to damages), No. 9 (uncertain claim), No. 10 (doctrine of laches and unreasonable delay), No. 11 (doctrine of unclean hands, estoppel, and waiver), No. 13 (failure to show physical injury as required by 42 U.S.C. § 1997e(e)), No. 14 (no liability for defendants' exercise of discretion, under California Government Code §§ 815.2 and 820.2), No. 15 (no liability for acts of other persons, under California Government Code §§ 815.2 and 820.8), No. 16 (no liability for failure to discharge mandatory duties, under California Government Code § 815.6), and No. 18 (additional affirmative defenses).

Defendants conceded that their affirmative defense No. 5, 6, 9 and 18 should be stricken. The magistrate judge concluded that affirmative defense No. 1 should be stricken as redundant, and affirmative defenses Nos. 7, 8, 10, and 11 should also be stricken because defendants had provided no factual basis for asserting them. Finally, the magistrate judge found that affirmative defenses Nos. 2 and 13 through 16 were sufficient and recommended denying plaintiff's motion to strike as to those.

II. **Defendants' Objections**

Defendants object to the Magistrate Judge's recommendation to strike affirmative defenses Nos. 1, 7, 8, 10 and 11. (Doc. No. 35 at 1.)

As to affirmative defense No. 1, defendants reiterate the position stated in their opposition to plaintiff's motion to strike, that under Federal Rule of Civil Procedure 12(h)(2) "failure to state

2

a claim" is a defense that may be asserted in an answer. Defendants argue that striking that affirmative defense, and "requiring defendants to amend to provide 'enough facts to indicate' its relevancy" is counter to the spirit of the defense, which requires the court to look only at plaintiff's pleadings and nothing else. Defendants also argue that plaintiff suffers no prejudice if failure to state a claim is allowed to remain asserted in defendants' answer, since "discovery is not relevant to a failure to state a claim defense."

As to the remaining Defenses, defendants argue that simply naming the defenses, without providing more facts to indicate why each Defense may or may not be applicable, is sufficient to provide "fair notice" to plaintiff of the nature of the Defenses. Defendants against emphasize that plaintiff is not prejudiced by allowing these defenses to stand.

**III.  Discussion**

The legal standards governing a motion to strike affirmative defenses were addressed in the findings and recommendations and will not be repeated here. (See Doc. No. 34 at 2-4.) With respect to their affirmative defense No. 1 (failure to state a claim), defendants again rely on a single unpublished decision in *E & J Gallo Winery v. Grenade Beverage, LLC*, No. 1:13-cv-770-AWI-SAB, 2014 WL 641901, at *2 (E.D. Cal. Feb. 18, 2014), to support their argument that failure to state a claim may be included as an affirmative defense in their answer. The court in that case reasoned that because Rule 12(h)(2) allows for failure to state a claim to be raised "in any pleading allowed or ordered under Rule 7(a)" and because an answer is a pleading under Rule 7(a), failure to state a claim is appropriately asserted as an affirmative defense in an answer. The court is not persuaded by defendants' argument. Assertion of failure to state a claim presumes that, assuming all of the allegations within plaintiff's complaint are true, there is no legal basis for granting plaintiff relief. *Gomez*, 188 F. Supp. 3d at 995. In deciding whether plaintiff's complaint fails to state a claim, the court is limited to considering only the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, if defendants held a good faith belief that plaintiff had failed to state a claim in his complaint, they could have and should have moved to dismiss any such claim pursuant to Rule 12(b)(6). *See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) ("[F]ailure to state a

claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense."); *Johnson v. Johnson*, No. 1:15-cv-01793 MJS, 2016 WL 3549406, at *10 (E.D. Cal. June 29, 2016) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.") (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

As to defendants' other objections, requiring that an affirmative defense be described in "general terms" does not, by extension, invoke the plausibility standard of *Twombly/Iqbal*. *Aubin Industries, Inc. v. Caster Concepts, Inc.*, No. 2:14-cv-02082-MCE-CKD, 2015 WL 3914000, at *6 (E.D. Cal. June 25, 2015). Rather, it merely requires that defendants state the nature and grounds of their affirmative defenses. *Varrasso v. Barksdale*, No. 13-cv-1982-BAS-JLB, 2016 WL 1375594, at *1 (S.D. Cal. Apr. 5, 2016); *Leos v. Rasey*, Case No. 14-cv-02029 LJO JLT (PC), 2016 WL 1162658, at *1 (E.D. Cal. Mar. 24, 2016); *Uriarte v. Schwarzenegger*, No. 06-cv-1558-CAB (WMc), 2012 WL 1622237, at *3 (S.D. Cal. May 4, 2012). Here, the defendants' affirmative defenses Nos. 7, 8, 10, and 11 merely list legal doctrines with no facts alleged to indicate how or why each would be applicable in the instant case. While defendants need not provide a detailed statement of facts in support of each affirmative defense, they must do more than simply identify each such affirmative defense by name as they have done here. Accordingly, the undersigned concludes that the magistrate judge's recommendation that affirmative defenses Nos. 7, 8, 10, and 11 be stricken is appropriate.

Finally, defendants argue that any deficient affirmative defenses presented in their answer should be allowed to stand absent evidence that plaintiff will be prejudiced thereby. Defendants' argument in this regard, however, misstates the governing legal standard. Rule 12(f) clearly authorizes the Court to strike an insufficient, redundant, immaterial, or impertinent defenses, without mention of the need for a showing of prejudice by the party moving to strike.

Here, the magistrate judge properly recommended granting defendants leave to file an amended answer in light of the lack of evidence that plaintiff would be prejudiced by such amendment. *See Whyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979) ("In the absence of prejudice to the opposing party, leave to amend should be freely given.") Accordingly,

4

defendants will be granted fourteen days from the date of this order to file an amended answer.

**IV.     Conclusion**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations filed March 10, 2017 (Doc. No. 34) are adopted in full;
2. Plaintiff's motion to strike defendants' affirmative defenses (Doc. No. 29) is granted in part and denied in part, consistent with this order; and
3. Defendants are granted **fourteen (14) days** from the date of service of this order to file an amended answer if they deem that to be necessary.[2]

IT IS SO ORDERED.

Dated:   **September 11, 2017**  
                                                                    UNITED STATES DISTRICT JUDGE

---

[2] This action has been pending before this court for over fifteen months now and yet little of substance has been accomplished. It is the undersigned's hope that a scheduling order will soon be issued requiring that this case finally move toward and expeditious resolution by way of pretrial proceedings or trial.