UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARINO ANTONIO HERNANDEZ

Plaintiff,

v.

WINFRED M. KOKOR, et al.,

Defendants.

1:16-cv-00716-DAD-MJS (PC)

**FINDINGS AND RECOMMENDATION TO DENY REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**(ECF No. 38)**

**FOURTEEN DAY OBJECTION DEADLINE**

Plaintiff Marino Antonio Hernandez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment medical indifference claim against Defendants Dr. Kokor and Nurse Stronach for denying him treatment for chronic left ankle pain. (ECF No. 1)

On June 19, 2017, Plaintiff filed a motion for a temporary restraining order and preliminary injunction directing Defendants to provide "medically appropriate" treatment, appropriate pain medication, and a physical examination. (ECF No. 38.) He seeks treatment for pain in his left ankle and also now for more recent groin and leg pain from hernia surgery. Defendants did not file an opposition and the time to do so has passed. The matter is submitted. Local Rule 230(*l*).

## I. Legal Standard

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right," Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). A preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added). In addition, in cases

brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

## II. Discussion

Plaintiff's complaint alleged that Dr. Kokor and Nurse Stronach continued to prescribe Plaintiff Tylenol 3 for ankle pain despite knowing that it did not alleviate his pain but instead caused adverse side effects. The Court found that Plaintiff's allegations were sufficient to warrant service of the complaint on Defendants. (ECF Nos. 15 & 19.)[1] In the instant motion, Plaintiff now alleges that in addition to continuing ankle pain, a January 8, 2016 hernia surgery has left him with pain in his groin, leg, and back, and possibly an infection, and he alleges Dr. Kokor has failed to address these new issues. (ECF No. 38 at 5-7.)  As noted, Plaintiff here asks the Court order that he be provided "medically appropriate" treatment, appropriate pain medication, and a physical examination

Plaintiff argues that he has shown a high likelihood of success on the merits of his claim that Defendants' conduct constitutes deliberate indifference. He seems to believe that passing through screening reflects a likelihood of success. However, there has been no finding that the care Plaintiff received was constitutionally inadequate. Indeed, the case remains in its early stages, there have been no dispositive motions filed, and Plaintiff still carries the burden of proving that his constitutional rights were in fact violated. The screening order simply reflects the conclusion that if all the facts prove to be as Plaintiff alleges them, they could support a finding of medical indifference.  There is no finding with regard to likelihood of success.

Plaintiff claims he is threatened with irreparable harm, in that his continued pain has affected the movement and function of his leg, and he fears that he "may never walk

---

[1] Plaintiff's remaining Defendants and claims, including his prayer for the reinstatement of his morphine prescription, were dismissed. (ECF No. 19.)

normally again." It appears from Plaintiff's supporting documentation that Plaintiff receives regular medical attention and has been prescribed a plethora of medications. (See, e.g., Primary Care Provider ("PCP") Progress Note dated Jan. 12, 2016 (ECF No. 38 at 18); PCP Progress Note dated Feb. 1, 2016 (id. at 22); RN Encounter Form dated Mar. 18, 2016 (id. at 30-31); PCP Progress Note dated Jun. 21, 2016 (id. at 36); RN Encounter Form dated Jul. 11, 2016 (id. at 39-40); PCP Progress Note dated Oct. 18, 2016 (id. at 43); RN Encounter Form dated Nov. 18, 2016 (id. at 45-6); RN Encounter Form dated Dec. 21, 2016 (id. at 48-9); PCP Progress Note dated Jan 5, 2017 (id. at 51)). That Plaintiff disagrees with the course of treatment he received, or still suffers pain in spite of that treatment, is not enough to support Court's intervention into the prison medical staff's course of treatment. See Jackson v. MacIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (a mere disagreement over treatment plans is insufficient to invoke section 1983); see also Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons)). Suffice it to say, Plaintiff "has not sufficiently demonstrated that he is currently receiving a level of care that would violate constitutional standards such that he is entitled to preliminary injunctive relief." McSorley v. N. Nevada Corr. Ctr., 225 F. App'x 448, 449 (9th Cir. 2007). In any case, Plaintiff, a layman, is not qualified to diagnose himself, dictate the appropriate treatment plan, or predict his long-term prognosis.

Plaintiff next argues the balance of hardships tips in favor, as he suffers pain and, on the other hand, his motion asks only that Defendants provide adequate medical care for that pain. His assessment is incorrect. While the prospect of continued suffering tips the balance toward Plaintiff, his relief, if requested, would require the Court to wrest medical decision-making authority away from those most qualified to dispense it. Plaintiff essentially asks the Court to substitute its untrained judgment for that of medical personnel trained to treat his myriad non-life threatening ailments. This is not an instance where Plaintiff has been deprived of all medical treatment, but rather where he, also an

untrained layman, prefers a different course of treatment. The balance of hardships does not tip far enough in Plaintiff's favor to demand the Court intervene so radically.

Finally, Plaintiff argues the relief sought will serve the public interest because it is always in the public interest for prison officials to obey the law. That assumes the Defendants are disregarding law. There is no basis for such an assumption here.

This is not the first time Plaintiff has sought a preliminary injunction requiring the prison to provide him with what he considers appropriate medical care, namely, narcotic medications. Plaintiff does not have a constitutional right to receive narcotics. The Court will not entertain such prayers for relief.

In sum, Plaintiff has not shown a likelihood of success on the merits, irreparable harm, that the balance of equities is in his favor, or that an injunction is in the public interest. See Fed. R. Civ. P. 65; Local Rule 231; Winter, 555 U.S. at 24.

Accordingly, IT IS HEREBY RECOMMENDED THATPlaintiff's motion for a temporary restraining order and preliminary injunction be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   September 25, 2017      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

5