UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINO ANTONIO HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>WINFRED M. KOKOR, et al.,<br><br>Defendant. | **CASE NO. 1:16-cv-00716-DAD-MJS (PC)**<br><br>**ORDER DENYING MOTIONS TO COMPEL**<br><br>**(ECF Nos. 36; 39)** |

Plaintiff Marino Antonio Hernandez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment medical indifference claim against Defendants Dr. Kokor and Nurse Stronach for denying him treatment for chronic left ankle pain. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the Court are Plaintiff's two motions to compel discovery. (ECF Nos. 36; 39.) Defendants oppose the motions. (ECF Nos. 37; 40.) Plaintiff has not replied and the time for doing so has passed. The matter is submitted pursuant to Local Rule 230.

////

## I. Plaintiff's Allegations

The following factual allegations are taken from Plaintiff's complaint:

Plaintiff suffers from chronic left ankle pain and arthritis due to injuries suffered in 1983 and 2003. He has multiple pins and wires in his ankle; some of those pins are broken or damaged. When Plaintiff was housed at Mule Creek State Prison ("MCSP"), an orthopedist prescribed 15 milligrams of morphine for pain, and Plaintiff took morphine regularly for seven years beginning October 9, 2008. Several orthopedists have treated Plaintiff over the course of his incarceration and prescribed him, alternatively, Vicodin, Darvon, Tylenol 3, and methadone. Each medication caused Plaintiff documented adverse effects. Plaintiff told Defendants of these adverse effects and Defendants were aware that they were documented.

On January 15, 2015, the MAR Committee, led by Defendant Dr. G. Ugwueze, recommended that Dr. Kokor "taper [Plaintiff's] morphine and consider starting Tylenol 3 gradually based on response." That same day, Dr. Kokor ceased Plaintiff's morphine abruptly, without tapering it, and prescribed Plaintiff Tylenol 3. Plaintiff immediately submitted a medical services request form to Dr. Kokor, informing him that Tylenol 3 had caused damage to Plaintiff's health in 2007. Dr. Kokor ignored this information.

Over the next few months, Plaintiff began to experience pain as well as stomach cramps, pain in the left side of his abdomen, and constipation. Between January 16, 2015 and July 17, 2015, Plaintiff submitted at least ten Health Care Services Request Forms ("Form 7362") complaining of pain in his ankle, abdomen, testicles, and penis and of constipation and liver problems from past Tylenol 3 use. He requested referral to an orthopedist to remove the broken pins from his ankle or amputate his foot and reinstate morphine. Plaintiff had previously advised Nurse Stronach of his complaints.

Dr. Kokor prescribed docusate, fiber, and lactulose for constipation, but ignored Plaintiff's complaints of pain, saying the "pain was in Plaintiff's mind."

On March 11, 2015, Plaintiff submitted an Inmate/Parolee Health Care Appeal Form ("602") requesting reinstatement of his morphine, discontinuation of Tylenol 3, a

liver test to determine if the Tylenol 3 had caused damage, a diagnostic test of his abdomen and groin, and an appointment with an orthopedist to either remove the pins and wires from his ankle or amputate it. Nurse Stronach granted Plaintiff's request for a diagnostic test of his abdomen and groin, but his remaining requests were denied as "not medically indicated." On May 7, 2015, Defendant Cryer affirmed the decision at the Second Level of Review. On August 11, 2015, Defendant J. Lewis affirmed the decision at the Director's Level.

On July 20, 2015, Nurse Stronach described Plaintiff's pain as a "nuisance" because Plaintiff was crying. Nurse Stronach thought Plaintiff wanted to commit suicide. Therefore, rather than referring Plaintiff to "CTC Clinical 2" as an emergency patient, she referred him for a mental health evaluation.

On August 20, 2015, Plaintiff's intestinal wall "ruptured" due to severe constipation caused by Tylenol 3. On August 26, 2015, Dr. Kokor told Plaintiff he had an inguinal hernia and needed surgery for it. Also on August 26, 2015, Dr. Kokor prescribed Plaintiff nortriptyline, a medication diagnosed for depression that can increase suicidal thoughts and is contraindicated in patients taking Tylenol 3. Plaintiff refused the medication.

Plaintiff underwent hernia surgery on January 8, 2016 and as of the date of this pleading remained wheelchair-bound as a result. He still experiences ankle pain. He continues to suffer adverse side effects, such as vomiting and urinary problems, from his current pain medication. At some point after the hernia surgery, Plaintiff was prescribed methadone for pain.

Plaintiff also suffers emotional distress.

**II.     Legal Standard**

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence. Id.

However, the court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C). In such situations, the Court must limit discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

(Id.) "In each instance, the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's Note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party objects or otherwise fails to respond or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Generally, the party moving to compel bears the burden of demonstrating why the objections are not justified. See, e.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S-11-1030 MCE EFB P., 2011 WL

6703958, at *3 (E.D. Cal. Dec. 21, 2011).

The Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve Plaintiff's motion to compel on its merits. Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**III.   Discussion**

**A.   First Motion to Compel (ECF No. 36)**

In his first motion to compel, Plaintiff seeks an Order compelling Defendant Kokor to provide further responses to Plaintiff's Requests for Admissions. (ECF No. 36.) Specifically, Plaintiff claims Defendant Kokor improperly responded or objected to Requests for Admission numbers 7, 17, 18, 19, and 22. (ECF No. 36 at 5, 7-9.)

For the reasons outlined below, the motion to compel is denied. The Court will address the specific Requests for Admission in turn.

**1.   Request for Admission 7:**

Plaintiff's Request for Admission 7 reads: "[Plaintiff] informed you through CDC7362 forms and on 2/9/15 in person that Tylenol 3 was harmful to his stomach."

Defendant objects that the request is compound and vague. Furthermore, Plaintiff contends that the response is evasive. (ECF No. 36 at 5.)

First, the Court finds that the Request is compound, it asks Defendant to admit two things. Nevertheless, Defendant responded and denied the truth of the request. The denial is responsive. The Court cannot compel Defendant to respond differently to the Request simply because Plaintiff does not agree with the answer.

Accordingly, the motion to compel a further response to this Request for Admission is denied.

**2.   Requests for Admission 17, 18, and 19:**

Requests for Admission numbers 17, 18, and 19, ask about an interview

5

1 conducted with Defendant concerning inmate appeal number SATF HC 15061156.

2 Defendant responds that he does not recall whether he was interviewed with regard to Plaintiff's inmate appeal and thus is unable to respond to any substantive questions about any such interview. (ECF No. 36 at 7-9.) Plaintiff argues that Defendant's response is evasive and improper in that Defendant has the power to review records and refresh his recollection about any interview.

Defendant has responded. As a matter of law, the request calls for Defendant to answer on the basis of his own knowledge and knowledge reasonably within his control. Fed. R. Civ. P 36(a)(4). Defendant's responses can be impeached if inconsistent with documents put in evidence. However, Defendant notes that the appeal records, which are attached to Plaintiff's complaint (ECF No. 1 at 15-26), contain no reference to an interview with Defendant Kokor. (ECF No. 37).

Accordingly, the motion to compel better or different responses to these Requests for Admission is denied.

### 3. Request for Admission 22:

In Request 22, Plaintiff asks Defendant Kokor to admit or deny whether a progress note stating that "currently patient has litigation against me for not continuing his narcotic medication" concerns litigation that is for Defendant Kokor ignoring Plaintiff's complaints resulting in injury. (ECF No. 36 at 9.) Defendant objects that this Request for Admission is compound, vague, and irrelevant.

This request for admission is irrelevant and is not likely to lead to the discovery of admissible evidence. Under Federal Rule of Civil Procedure 36(a)(3), instead of admitting or denying a Request for Admission, the responding party may issue an objection. Whether a medical treatment note on January 4, 2017 indicates Plaintiff has pending litigation is irrelevant to the facts underlying the allegations in this case concerning events that took place two years earlier in 2015.

Accordingly, Defendant Kokor's objection is sustained and the motion to compel a different or better response is denied.

6

## B. Second Motion to Compel (ECF No. 39)

Plaintiff's second motion to compel relates to a second set of Requests for Admission propounded on Defendant Kokor. (ECF No. 39.) Plaintiff contends that Defendant Kokor improperly responded to Request Nos. 1, 16, 17, and 24, and to "correct request number 44, refer to line number 12, and other response that the Court deems appropriate." (Id. at 4, 10, 13, 20.) For the reasons outlined below, the Court denies Plaintiff's motion to compel.

### 1. Requests for Admission 1, 16, 17, and 24:

Unlike the first motion to compel, Plaintiff's second motion does not provide specific reasons for claiming a response is improper. Instead, Plaintiff makes the blanket assertion that all of the responses are "evasive" and all objections "meritless." (ECF No. 39 at 2.)

First, as noted above, the party moving to compel bears the burden of demonstrating why the objections are not justified. See, e.g., Grabek, 2012 WL 113799, at *1; Ellis, 008 WL 860523, at *4. This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, **for each disputed response**, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack 2011 WL 6703958, at *3. Plaintiff fails to meet this burden by simply stating that each objection is "meritless."

Second, the Court has reviewed each objection and finds them merited. As to Request number 1, whether Defendant Kokor admits or denies the dictionary definition of the word "taper" is irrelevant. The Court sustains Defendant's objection.

The Court sustains Defendant's objections to Requests 16, 17, and 24 on the ground that each is compound. Nevertheless, Defendant Kokor has provided responses to each. Therefore, there is nothing for the Court to compel; the Requests have been individually responded to.

Accordingly, Plaintiff's motion to compel different or better responses to these

Requests for Admission is denied.

   **2.   Request for Admission 44:**

Request for Admission 44, like Request for Admission 22 above, asks Defendant to confirm or deny an interaction between Plaintiff and Defendant in 2017 relating to Plaintiff's ongoing treatment. (ECF No. 39 at 20.) The Court sustains Defendant's objection that the Request is not relevant and will not lead to the discovery of admissible evidence in this case and its events in 2015. Furthermore, as with Requests for Admission 16, 17, and 24, Defendant Kokor has nevertheless provided a response, admitting information that is stated in Plaintiff's medical records. (Id.) Thus, Plaintiff's motion to compel is denied.

**IV.   Conclusion**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions to compel (ECF Nos. 36; 39) are DENIED.

IT IS SO ORDERED.

Dated:   October 16, 2017            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE