UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINO ANTONIO HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>WINFRED M. KOKOR, et al.,<br><br>Defendants. | **CASE NO. 1:16-cv-00716-DAD-JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>**(Doc. 60)**<br><br>**FOURTEEN-DAY DEADLINE** |

Judgment was entered for the defendants on September 7, 2018, following the district judge's adoption in full of the findings and recommendations to grant summary judgment on plaintiff's Eighth Amendment and negligence claims. (Docs. 56, 59.) Plaintiff now moves pursuant to Federal Rule of Civil Procedure 59(e) to modify the judgment.[1] (Doc. 60.)

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" Wood v. Ryan, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*)) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of

---

[1] Plaintiff also filed a Notice of Appeal in the Ninth Circuit Court of Appeals. (Doc. 61.) Proceedings in that court, however, have been held in abeyance pending resolution of the instant motion. (Doc. 64.)

finality and conservation of judicial resources." <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. <u>Navajo Nation v. Norris</u>, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing <u>Kona Enters.</u>, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. <u>Kona Enters.</u>, 229 F.3d 890 (citing <u>389 Orange St. Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999)).

The July 12, 2018 findings and recommendations held, in part, that plaintiff did not submit any evidence linking his constipation and hernia to Tylenol 3. Plaintiff's motion to alter or amend judgment is based primarily on the argument that medical evidence was unnecessary to show that his severe constipation was caused by Tylenol 3 since "even a layman knows that the medicine Tylenol 3, causes severe constipation." Pl.'s Mot. to Alter or Amend J. at 2. He then argues that this constipation caused him to force himself to defecate on August 18, 2015, resulting in a hernia. The remainder of his arguments reflects those previously presented in his opposition to defendants' motion for summary judgment and his objections to the findings and recommendations.

Even assuming *arguendo* that it is common knowledge that Tylenol 3 causes constipation, plaintiff did not complain of ordinary constipation in this case. Rather, his complaint is premised on the *severity* of the constipation—marked, as he claims, by prolonged periods of constipation, discomfort, and pain. This side-effect is not in fact common knowledge, and plaintiff bore the burden of proving that it was linked to the Tylenol 3. He also needed to prove that one or both of the defendants acted with deliberate indifference in continuing to prescribe plaintiff Tylenol 3 and/or failing to properly treat the constipation, and that the constipation in turn caused the hernia. The fact remains now, as it did on initial consideration of the defendants' motion for summary judgment, that the evidence simply does not support plaintiff's version of events. As the Court determined in the findings and recommendations:

> Consistent with Plaintiff's allegations, the record reveals that Plaintiff complained often about Tylenol 3's ineffectiveness, abdominal pain, and constipation. Contrary to his allegations, however, Dr. Kokor conducted several physical examinations to determine the source of Plaintiff's abdominal pain, examinations

that ultimately proved unsuccessful and resulted in a plan to treat the problem symptomatically. When Plaintiff did eventually present with a lump in his abdomen, Dr. Kokor immediately diagnosed him with a hernia and referred him for surgery. Incidentally, while Plaintiff attributes the source of his hernia to Tylenol 3, he admits that no medical provider has ever associated the two. As for Plaintiff's constipation, the record reveals that Plaintiff's complaints were considered at his medical appointments, and he was prescribed fiber tabs, stool softeners, Milk of Magnesia, and Lactulose to relieve the pain. Lastly, though Plaintiff repeatedly submitted 7362 Forms and complained during his medical appointments concerning Tylenol 3's alleged ineffectiveness, the undisputed facts establish that he was twice offered alternative medication to help control his pain, alternatives that Plaintiff refused. Thus, Dr. Kokor decided to continue him on Tylenol 3 with Salsalate until the December 2015 change to methadone.

At best, Plaintiff's claims in this case amount to a dispute as to the proper course of treatment. While Plaintiff is clearly dissatisfied with the level of care that he received from Dr. Kokor, the undisputed facts before the Court simply do not support a claim of deliberate indifference based on Plaintiff's claim of an unreasonable course of treatment or delay in medical care.

(Doc. 56 at 11.) Plaintiff has presented no argument or evidence that would undermine these findings. Importantly, he has failed, pursuant to Rule 59, to present newly discovered evidence, show that the Court committed clear error, or argue an intervening change in controlling law that would necessitate alteration or amendment of the judgment. Wood, 759 F.3d at 1121.

Accordingly, the Court **RECOMMENDS** that plaintiff's motion to alter or amend judgment (Doc. 60) be **DENIED**.

///

///

///

///

///

///

///

///

///

///

3

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within 14 days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within 14 days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 14, 2018__          _____/s/ Jennifer L. Thurston__
                                        UNITED STATES MAGISTRATE JUDGE